IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et. al.   )
                               )
                               )
vs.                            )   Case No. 1:07-cv-01448
                               )   Judge Rosemary Collier
                               )
TIMOTHY A. JONES, SR., et. al. )
                               )
_____)

## DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants, Timothy A. Jones, Sr., Cecil S. Jones and MCM Parking Solutions, Inc., by and through their undersigned counsel, hereby move to dismiss the Complaint of the Plaintiffs for lack of subject matter jurisdiction and, as the bases therefore, state as follows:

1. Plaintiffs have failed to establish subject matter jurisdiction on the basis of diversity of citizenship.

2. Plaintiffs have failed to set forth sufficient factual allegations to establish that their claims of violation of federal law, pursuant to the federal trademark statute and the Lanham Act raise substantial federal questions that require this Court, rather than the state courts, to adjudicate these claims as well as the myriad other state or common law pendant claims that comprise the Complaint.

There being no other pleaded basis to establish federal jurisdiction, Defendants respectfully submit that the Complaint should be dismissed for lack of subject matter

jurisdiction.

                                      Respectfully submitted,

                                      */s/ Robert F. Condon*

                                      Robert F. Condon, D.C.Bar#108290
                                      Artabane & Belden, P.C.
                                      818 18th Street, N.W., Suite 410
                                      Washington, D.C. 20006
                                      Tel: (202) 861-0070
                                      Fax: (202) 861-2939
                                      E-Mail: RFCondon@Artabane-Belden.com

Case 1:07-cv-01448-RMC   Document 8   Filed 09/10/2007   Page 2 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et. al.          )
                                       )
                                       )
vs.                                    )   Case No. 1:07-cv-01448
                                       )   Judge Rosemary Collier
                                       )
TIMOTHY A. JONES, SR., et. al.         )
                                       )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

The Complaint, consisting of Sixteen (16) counts, essentially arises from a contractual-based, interfamily dispute. This lawsuit was filed by the children and spouses of the now-deceased owner of a fifty-percent (50%) share in the Plaintiff company, MCM Parking, Inc. The Defendants are the children of the other also-deceased owner of the other fifty-percent (50%) share. The essence of the disputes and claims arise from the operation of the business and various agreements and alleged agreements between the parties. The business has been run and maintained solely by Defendants since the death of their father a number of years ago.

The only claims set forth by Plaintiffs that seek to invoke federal jurisdiction are contained in Count VIII of the Complaint alleging "Unfair Competition under Common Law and Lanham Act § 43(a): Trade Name and Trade Dress Infringement", and Count IX alleging "Unfair Competition under Lanham Act § 43(a): Deceptive Trade Practices; Passing Off." The only other ostensible invocation of subject matter jurisdiction in this Court is the inclusion of Count XI charging "Common Law Trademark Infringement".

All of these claims contain essentially the same factual predicates, i.e., that Defendants formed and registered a District of Columbia corporation under the name MCM Parking Solutions, Inc.(hereinafter "Solutions") and that the duly registered corporation was formed with the sole purpose of capitalizing on the "good will" of Plaintiff corporation, MCM Parking, Inc.(hereinafter "MCM") (of which, parenthetically, Defendants own a fifty-percent (50%) financial interest). Plaintiffs also claim that the use of this "trade name" is done to promote, market and sell identical services as MCM in interstate commerce, constituting unlawful "passing off", pursuant to the common law and 15 U.S.C. § 1125(a)." (Emphasis added). None of the other pleaded counts of the Complaint makes any federal claim or raises a scintilla of factual allegation that would invoke this Court's subject matter jurisdiction.

A motion for dismissal under Fed. R. Civ. P. 12(b)(1) constitutes a threshold challenge to the court's jurisdiction. That rule permits dismissal of a complaint if the court lacks jurisdiction over the subject matter. Plaintiffs bear the burden of proving subject matter jurisdiction by a preponderance of the evidence. Plaintiffs' factual allegations in the complaint will bear close scrutiny in resolving a Rule 12(b)(1) motion, closer than a motion for failure to state a claim under Rule 12(b)(6). It is settled law that the district court can dispose of a Rule 12(b)(1) motion on the complaint standing alone. *Margaret Ann Hudert, Et. Al. v. Alion Science & Tech. Corp. Et. Al.*, 429 F. Supp. 2d 99 (D.C.D.C. 2006).

Plaintiffs invoke 15 U.S.C. § 1121(a) as a jurisdictional basis for this federal court action. Section 1121(a) is the federal statute that protects federally registered trademarks, service marks and trade names from being required to be displayed differently by state or

local authority than as federally registered with the U.S. Patent and Trademark Office. The essential ingredient for the original jurisdiction in the federal court is that the patent, mark or name be "registered" in the U.S. Patent and Trademark Office. In paragraph 174 of the Complaint herein, Plaintiffs concede that "(n)either MCM's trade name nor its trade dress are registered with the U.S. Patent and Trademark Office." Thus, the sole claim to trademark or tradename violation is one arising under common law. An action to protect a common law trademark right is not an "action arising under the trademark laws", so as to give a federal court jurisdiction absent an independent basis for jurisdiction, such as diversity of citizenship and the necessary amount in controversy. *Magic Foam Sales Corp. v. Magic Foam Corp.*, 167 F.2d 88 (C.C.A.6 1948). No claim under a claim of common law tradename or trademark violation can be the basis for jurisdiction in this Court, absent an independent jurisdictional basis.

Plaintiff claims a violation of a federal statute, , 15 U.S.C. § 1125 (The Lanham Act). The inclusion of that claimed violation is made without an factual specification of failure to comply with the specific elements of that federal statute. To survive a motion to dismiss on a Lanham Act claim, a plaintiff must allege and show facts that defendants made statements of fact in their commercial advertising or promotion that were (1) false or misleading, (2) actually or likely deceptive, (3) <u>material in their effects on buying decisions</u>; (4) connected with interstate commerce, and (5) actually or likely injurious to the plaintiff.(emphasis added). See *Minebea Co., Ltd., et.al. v. Georg Papst, et.al.*, 13 F.Supp. 2d 35 (D.C.D.C.1998). Other than the utilization of some signs that kept the name MCM in a single business location, a parking garage located at 12th and G Streets, N.W., Washington, D.C., a location that was formally leased by MCM for a number of

years, but in whose proposed lease extension Plaintiffs declined to participate, there is no other fact allegation of unfair competition. *See Complaint, para. 66.* Plaintiffs themselves claim a common law unfair competition basis for their allegations under Count VIII, as well as invoking The Lanham Act. We respectfully submit that the invocation of the Act was solely for the basis of attempting to create a "substantial federal question" so as to invest jurisdiction in this Court. Defendants submit that they have wholly failed to do so.

As has been said by Defendants, and conceded by Plaintiffs, the basic unfair competition claim, which is intertwined with and arises out of the common law trademark claim, is itself one cognizable under common law. To sustain jurisdiction under the federal question provisions of 28 USC, § 1331, giving federal district courts original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States, substantive law creating the cause of action must arise under federal law or some element of federal law must be established as part of the cause of action. *Marine Cooks & Stewards, AFL v. Panama S.S. Co.,* 265 F. 2d 780 (Wash. 1959); rehearing denied 268 F.2d 935, reversed on other grounds 80 S.Ct. 779, 362 U.S. 365. The basis for the "arising under" jurisdiction is that the complaint, for jurisdictional purposes, must present a substantial claim having its source in and arising under a federal statute or that the resolution of a substantial question of federal law is a necessary element of plaintiff's cause of action. See *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians,* 862 F. Supp. 995 (W.D.N.Y. 1994); also *Wagner v. Regent Investments, Inc.* 13 F. 3d 1090 (E.D.Va. 1995).

There does not exist in this case a substantial question of federal law that must be decided in order to adjudicate Plaintiffs' claims. The claims are common law or state law claims and should be adjudicated under common law or state law principles. There is, simply, no basis in this Complaint for the establishment of federal jurisdiction. The Complaint should be dismissed.

Wherefore, for all the foregoing reasons, and in the interests of justice, Defendants, Timothy A. Jones, Sr. and Cecil S. Jones, by undersigned counsel, hereby move to dismiss this Complaint on the grounds that this Court lacks subject matter jurisdiction to adjudicate any of the claims set forth therein and Defendants request such other relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

Robert F. Condon, D.C.Bar#108290
Artabane & Belden, P.C.
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
Tel: (202) 861-0070
Fax: (202) 861-2939
E-Mail: RFCondon@Artabane-Belden.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss served by U.S. Mail, postage prepaid, on September 10, 2007, upon the following:

Jennifer D. Larkin, Esq.
Linowes & Blocher LLP
7200 Wisconsin Avenue
Bethesda, MD 20814
And
Robert J. Tribeck, Esq.
John R. Martin, Esq.
Rhoads & Sinon LLP
One So. Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

_/s/ Robert F. Condon_
Robert F. Condon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et. al. )
)
)
vs. ) Case No. 1:07-cv-01448
) Judge Rosemary Collier
)
TIMOTHY A. JONES, SR., et. al. )
)
_____)

ORDER

THIS MATTER, having come before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and

ALL PARTIES having had an opportunity to be heard with respect to said Motion, and

GOOD CAUSE having been shown for the granting of the said Motion, it is this _____ day of _____, 2007

ORDERED that the motion shall be and the same is hereby GRANTED and the Complaint filed herein is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

_____
Rosemary M. Collyer
United States District Judge

Copies to:

Robert F. Condon, Esq.
Artabane & Belden PC
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
And
Jennifer D. Larkin, Esq.
Linowes & Blocher LLP
7200 Wisconsin Avenue
Bethesda, MD 20814
And
Robert J. Tribeck, Esq.
John R. Martin, Esq.
Rhoads & Sinon LLP
One So. Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146