UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARITA FERNANDEZ, *et al.*, : | |
| Plaintiffs, : | |
| : | Civil Action No. 1:07-cv-01448 |
| v. : | Judge Rosemary M. Collyer |
| : | |
| TIMOTHY A. JONES, SR., *et al.*, : | |
| Defendants. : | |

**PLAINTIFFS' MEMORANDUM OF LAW
OPPOSING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    INTRODUCTION**

In their Memorandum of Law, Defendants, Timothy A. Jones, Sr., Cecil S. (Rocky) Jones, and MCM Parking Solutions, Inc. (hereinafter "Defendants"), maintain that Plaintiffs, Margarita Fernandez, Humbert Fernandez, Jr., Linda M. Johnston, Lisa M. Novak, and MCM Parking Co., Inc. (hereinafter "Plaintiffs"), have failed to set forth a claim that properly invokes the subject matter jurisdiction of this Court.

Defendants argue that Plaintiffs' allegations of unfair competition are not properly before this Court because Plaintiffs have failed assert their rights in a federally registered trademark. Counts VIII and IX of Plaintiffs' Complaint, respectively, allege violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for trade name/trade dress infringement and deceptive trade practices/passing off. These are valid, enforceable, and well-established <u>federal</u> claims that invoke the jurisdiction of this Court, and the factual allegations contained in Plaintiffs' Complaint set forth those causes of action contemplated by § 43(a) of the Lanham Act. Despite this, Defendants maintain that Plaintiffs' Lanham Act claims do not involve a federal question because Plaintiffs do not claim to have ownership in a registered trademark.

That argument is specious. Contrary to Defendants' assertion, an allegation of unfair competition pursuant to § 43(a) of the Lanham Act most certainly presents a <u>federal</u> question over which this Court has original jurisdiction, irrespective of the presence or absence of a federally registered mark. Plaintiffs have properly alleged a violation of § 43(a) and have, thus, properly invoked the federal subject matter jurisdiction of this Court. Accordingly, Defendants' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction must be summarily denied.

## II.   STATEMENT OF QUESTION PRESENTED

**Whether This Court Has Subject Matter Jurisdiction Over the Allegations Raised in Plaintiffs' Complaint?**

**Suggested Answer:  Yes.**

## III.   ARGUMENT

This Court has original jurisdiction over all actions arising under the trademark statutes of Title 15 of the United States Code ("The Lanham Act"). <u>See</u> 15 U.S.C. § 1121(a); 28 U.S.C. § 1338(a). In their Complaint, Plaintiffs have asserted violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). That section provides, in pertinent part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which - -
>
> (A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B)   in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

  shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

  Plaintiffs do not claim that the trademark, trade name, and/or trade dress in question are registered with the United States Patent and Trademark Office. The mere fact that a mark is unregistered, however, does not in any way defeat the existence of federal question jurisdiction. Indeed, the United States Supreme Court has directly held that "it is common ground that § 43(a) protects qualifying unregistered trademarks." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992). Moreover, this Court has previously stated, "[t]he law of unfair competition under § 43(a) encompasses a plethora of claims, which may be based on rights in unregistered marks, trade dress and packaging, and personal names." The John Curry Skating Co., Inc. v. The John Curry Skating Co., 626 F. Supp. 611, 614 (D.D.C. 1985) (emphasis added).

  The case law interpreting § 43(a) is unanimous in holding that a trademark, trade name, or trade dress need not be registered for a plaintiff to seek enforcement under the Lanham Act and, in turn, invoke the subject matter jurisdiction of the federal courts. See, e.g., Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 991 (8th Cir. 1991) ("While federal registration triggers certain substantive and procedural rights, the absence of federal registration does not unleash the mark to public use. The Lanham Act protects unregistered marks as does the common law."); Tonawanda St. Corp. v. Fay's Drug Co., Inc., 842 F.2d 643, 646-47 (2d Cir. 1988) ("A claim for 'false designation of origin' under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), may be asserted despite the lack of a registered trademark."); Centaur Commc'ns, Ltd. v. A/S/M Commc'ns, Inc., 830 F.2d 1217, 1220 (2d Cir. 1987) (holding that § 43(a) is "the only provision of the Lanham Act that protects an unregistered mark").

In their Memorandum, Defendants wholly ignore and overlook this body of case law when arguing that the "essential ingredient" to invoking federal jurisdiction under the Lanham Act is the registration of a mark with the United States Patent and Trademark Office. (Defs.' Mem. p. 3.) Defendants maintain that Plaintiffs may only assert their claims for unfair competition under the common law. This argument, of course, runs contrary to the foregoing authorities, which expressly state, in no uncertain terms, that a cause of action for unfair competition may be maintained under the Lanham Act to protect, inter alia, unregistered marks, trade names, and trade dress.[1]

Moreover, contrary to Defendants' assertions, Plaintiffs' Complaint adequately sets forth causes of action for unfair competition under § 43(a) of the Lanham Act. To that end, Plaintiffs allege that, over the course of more than thirty-five years, the "MCM" name has developed a secondary meaning in the minds of the relevant public. (Compl. ¶¶ 175, 182.) Plaintiffs' further allege that Defendants have used, and are using, a trade name and trade dress similar to that of MCM Parking Co., Inc. ("MCM Parking Solutions, Inc.") to promote, market, and/or sell identical services in interstate commerce. (Id. ¶ 67-68, 71-75, 176.) Defendants' actions are, therefore, likely to cause confusion among consumers. (Id. ¶ 177, 185.) Furthermore, Defendants' actions have been taken in a clear attempt to impermissibly capitalize on the value and goodwill of the "MCM" name. (Id. ¶¶ 69, 182.) These allegations satisfy the elements of a cause of action under § 43(a), which provides:

> Any person who … uses in commerce any word, term, name, symbol, or device, or any combination thereof, … which … is likely to cause confusion … as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person … shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

---

[1] The one case that Defendants cite, purportedly in support of their position, Magic Foam Sales Corp. v. Mystic Foam Corp., 167 F.2d 88 (6th Cir. 1948), actually discusses the Lanham Act's predecessor, i.e. the Federal Trademark Act of 1905, which, of course, is wholly inapplicable to the case at bar.

15 U.S.C. § 1125(a)(1)(A).[2]

Thus, because this Court has federal question subject matter jurisdiction over Plaintiffs' cause of action under the Lanham Act, it may exercise its supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367, as such claims share a common nucleus of operative facts with Plaintiffs' federal claims.

## IV. CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Respectfully submitted,

By:   /s/ Jennifer D. Larkin
      Jennifer D. Larkin, Esquire
      D.C. Bar I.D. 490522
      LINOWES AND BLOCHER LLP
      7200 Wisconsin Avenue
      Bethesda, MD 20814
      (301) 961-5205

      Robert J. Tribeck, Esquire (*pro hac vice*)
      John R. Martin, Esquire (*pro hac vice*)
      RHOADS & SINON LLP
      One South Market Square
      P.O. Box 1146
      Harrisburg, PA  17108-1146
      (717) 233-5731

      *Attorneys for Plaintiffs*

---

[2] Defendants argue that Plaintiffs have not properly set forth their causes of action under the Lanham Act. (Defs.' Mem. pp. 3-4.)  Notwithstanding the liberal notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the factual allegations contained in Plaintiffs' Complaint (as cited above) are more than sufficient to state a claim for unfair competition under § 43(a) of the Lanham Act.

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, a true and correct copies of the foregoing "Plaintiffs' Memorandum of Law Opposing Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" was served by means of electronic service in accordance with the Local Rules of the United States District Court for the District of Columbia, upon the following:

> Robert F. Condon, Esq.
> Artabane & Belden, P.C.
> 818 18th Street, N.W., Suite 410
> Washington, D.C.  20006
> RFCondon@Artabane-Belden.com

*/s/ Jennifer D. Larkin*
Jennifer D. Larkin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et al.,    *

    Plaintiffs    *

v.    *    Case no. 1:07-cv-01448

TIMOTHY A. JONES, SR., et al.,    *

    Defendants.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

    UPON CONSIDERATION of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiffs' Opposition Thereto, it is this _____ day of _____, 2007

    ORDERED, that the Motion shall be and the same hereby is DENIED.

                                      _____
                                      Rosemary M. Collyer
                                      United States District Judge

cc:    Robert F. Condon, Esq.
        Artabane & Belden, PC
        818 18th Street, N.W., Suite 410
        Washington, D.C. 20006

        Jennifer D. Larkin, Esq.
        Linowes and Blocher LLP
        7200 Wisconsin Ave., Suite 800
        Bethesda, MD 20814

        Robert Tribeck, Esq.
        John R. Martin, Esq.
        Rhoads & Sinon LLP
        One So. Market Square
        PO Box 1146
        Harrisburg, PA 17108-1146

L&B 869954v1/09000.0001