## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et. al.  )
  )
  )
  )
vs.  )  Case No. 1:07-cv-01448
  )  Judge Rosemary Collier
  )
TIMOTHY A. JONES, SR., et. al.  )
  )
_____)

### ANSWER TO COMPLAINT

  Defendants, Timothy A. Jones, Sr., Cecil S. (Rocky) Jones and MCM Parking

Solutions, Inc., by undersigned counsel, as and for their Answer to the Complaint of the

Plaintiffs, allege as follows:

### FIRST DEFENSE

  The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

  The Court lacks jurisdiction over the subject matter of the Complaint.

### THIRD DEFENSE

  The claims or some of them are barred by the doctrine of laches and/or the

applicable statute of limitations.

### FOURTH DEFENSE

  The claims are barred by the doctrines of waiver and/or estoppel.

### FIFTH DEFENSE

  The claims or some of them are barred by payment.

## SIXTH DEFENSE

The claim of civil conspiracy is not an enforceable claim under the laws of the District of Columbia.

## SEVENTH DEFENSE

Answering the individual numbered paragraphs of the Complaint, Defendants

1.    Neither admit nor deny the allegations of paragraph 1 and demand strict proof thereof.

2.    Admit upon information and belief the allegation of paragraph 2.

3.    Admit upon information and belief the allegation of paragraph 3.

4.    Admit upon information and belief the allegation of paragraph 4.

5.    Admit the allegation of paragraph 5.

6.    Admit the allegation of paragraph 6.

7.    Admit the allegation of paragraph 7.

8.    Admit the allegation of paragraph 8.

9.    Admit the allegation of paragraph 9.

10.    No answer is required to paragraph 10.

11.    Admit the allegation of paragraph 11.

12.    Admit the allegations of paragraph 12.

13.    Do not admit jurisdiction over the subject matter as alleged in paragraph 13.

14.    Admit that venue is proper as alleged in paragraph 14.

15.    Admit the allegation of paragraph 15.

16.    Deny the allegations of paragraph 16; MCM has never owned any parking property for any purpose.

17.    Admits the allegations of paragraph 17, but alleges that any such goodwill was created in substantial part by the individual defendants who have been employees of MCM for thirty (30) plus years and part owners and operators of MCM for more than sixteen (16) years.

18.    Admit the allegations of paragraph 18.

19.    Deny the allegations of paragraph 19. From and after April 1991, the stock was owned fifty (50) percent by Humbert Fernandez, twenty (20) percent by Cecil Jones, fifteen (15) percent by Cecil S. Jones and fifteen (15) percent by Timothy A. Jones. This continued until October 1998 when the Individual Defendants purchased their father's shares which gave them fifty (50) percent ownership of the business.

20.    Admit the allegation of paragraph 20.

21.    Admit the allegation of paragraph 21.

22.    Admit the allegation of paragraph 22.

23.    Admit the allegations of paragraph 23.

24.    Admit the allegation of paragraph 24.

25.    Admit upon information and belief the allegations of paragraph 25.

26.    Admit upon information and belief the allegation of paragraph 26.

27.    Admit the allegations of paragraph 27 insofar as it alleges a salary and separate bonus structure to reflect the payment to the principals for work performed (salary) and profit distribution (bonuses). Salaries were set by the corporate officers and bonuses were paid solely in accord with the profits realized from the operation of the business, distributed pursuant to the stock ownership. At the time the company was owned and operated solely by the parents of Plaintiffs and Defendants, they could have

adjusted their salaries from time to time to reflect the profits being made by the Company, but they did not do so. That also could have taken place after Individual Defendants became shareholders, but it did not. Defendants remained as employees at the salaries they had been paid before their partial stock ownership and their percentage of profits were distributed to them as bonuses as it had always been done.

28.    Deny the allegations of paragraph 28, insofar as they allege that Messrs. Fernandez and Jones "structured the compensation such that the corporation would make little or no distributions to themselves as shareholders, such funds instead being paid to them as salary and bonus." Admit the remaining allegation of paragraph 28.

29.    Deny the allegations of paragraph 29, except to admit that payments were made to Cecil Jones after he became incapacitated and unable to perform services on behalf of MCM. Defendants state that, when Mr. Jones became ill and missed much time from work, it was agreed by all, albeit reluctantly by Mr. Fernandez, that the company would recognize his thirty (30) years of service during which he rarely missed a day of work, and give him time off with pay. In time, Mr. Fernandez refused to continue the practice and Mr. Jones' salary was cut off. Thereafter, when the Individual Defendants acquired their father's remaining shares, after Mr. Jones left the company, and were negotiating their new salaries, Mr. Fernandez demanded and received an amount equal to the sum paid to Mr. Jones during his illness, which amount was paid as a bonus (only he got a distribution at that time).

30.    Deny the allegations of paragraph 30 and allege that, when Mr. Jones left the company, the remaining three persons were doing the work of four persons. Individual Defendants negotiated changes in all three salaries to reflect the new duties in

addition to the old duties. The bonus arrangement did not change, except that Individual Defendants now would receive fifty percent (50%) of the bonus distributions as shareowners of one-half (1/2) of the stock and Mr. Fernandez would continue to receive the other one-half (1/2). Mr. Fernandez' salary went from $3,600 biweekly to $4,800 biweekly; he also was paid a car allowance for the first time as well as being paid $19,200 to compensate him for the sick leave pay Mr. Jones had received.

31.    Deny the allegations of paragraph 31.

32.    Deny the allegations of paragraph 32. Upon Mr. Fernandez' death, Individual Defendants continued to be the only active employees, officers and directors of MCM. There was no shareholders' agreement and Mr. Fernandez determined not to appoint a family member to be an officer of director. At no time did any member of the Fernandez family attempt to become employed or otherwise be active in the operation of the business. Individual Defendants communicated all relevant information, made distributions and otherwise cooperated in every way with Plaintiffs. All day-to-day business decisions of an ongoing business had to be and were made by Individual Defendants, but all decisions of any magnitude that impacted the business were made with Plaintiffs' full knowledge and approval.

33.    Deny the allegations of paragraph 33, except to admit that Individual Defendants voluntarily agreed to make continued salary payments to Plaintiffs for four (4) weeks subsequent to Mr. Fernandez' death at the request of the family. That payment was a one-time decision and was stopped as had been the practice with every other employee who had died.

34.    Deny the allegations of paragraph 34, except to admit that the salaries were indeed weighted in favor of Individual Defendants, since the two defendants were both actively employed in the business and each received a salary and only one Fernandez was employed. Although the salaries were not equal, the bonus distributions were always 50%-50%.

35.    Admit the allegation of paragraph 35.

36.    Deny the allegations of paragraph 36, except to admit that, at a meeting with Mr. Fernandez Jr., it was agreed that, for one month and one month only, the salary of the deceased Mr. Fernandez would be continued and it was calculated gratuitously at 2/3 for Individual Defendants jointly and 1/3 for the Plaintiffs. Later attempts by Plaintiffs to extend the arrangement were refused by Individual Defendants for the reasons set forth in paragraph 33, above.

37.    Admit the allegations of paragraph 37 that two bi-weekly payments of Mr. Fernandez' salary were made by Individual Defendants.

38.    Deny the allegations of paragraph 38, except to admit that, for one pay period, May 5-12, 2006, Individual Defendants did continue to be paid at the increased salary rate; they rescinded the raise thereafter and reverted to the salary they had been paid since 1998 and repaid the increase in May 2006 by a deduction from their later pay check

39,    Deny the allegations of paragraph 39.

39.    Deny the allegations of paragraph 40, and particularly deny that any such term as "Monthly Administrative Expenses" was ever used by MCM in its business. After Mr. Fernandez died and was no longer a salaried employee of MCM,

Individual Defendants continued to operate as the remaining employees of MCM and got their agreed salaries. Profit distributions continued to be made as they always had on a 50%-50% basis to both owners.

     41.    Deny the allegations of paragraph 41.

     42    Deny the allegations of paragraph 42.

     43    Deny the allegations of paragraph 43 in that there was any process in place that either required or called for Plaintiffs' consent to continue what was a standard ongoing company practice.

     44.    Deny the allegations of paragraph 44 and particularly deny that there was or is any agreement of any sort to reflect that allegation.

     45.    Deny the allegations of paragraph 45.

     46.    Admit in answer to paragraph 46 that the arrangement to which Plaintiffs speak was merely a continuation of the arrangement always in place, merely adjusted to reflect the reallocation of the stock of MCM prior to and after the deaths of the original principals.

     47.    Deny the allegations of paragraph 47.

     48.    Deny the allegations of paragraph 48.

     49,    Deny the allegations of paragraph 49, except to admit that the monies unpaid in salaries due to the death of the original owners would be retained by MCM and paid out as appropriate in profit distributions.

     50.    Deny the allegations of paragraph 50.

     51.    Deny the allegations of paragraph 51

52.     Deny the allegations of paragraph 52, and allege that Individual
Defendants continued to receive the agreed upon (as of 1998) salary, no more, no
less.

53.     Admit the allegations of paragraph 53 and allege that the
arrangement set up by Humberto Fernandez Sr. when he transferred ownership of
a portion of his stock has remained the same since he did that in 1998. Individual
Defendants continued that after his death. Plaintiffs' only complaint ever made
with regard to that arrangement (through Plaintiff Lisa Novak's husband) was that
they had to pay FICA on that amount.

54,     Deny the allegations of paragraph 54 and allege that Plaintiffs have
been provided with monthly financial statements from in-house, as has been the
consistent practice for many years, even for some time prior to their father's death at their
request, since they were apparently not provided such information by their father when he
was alive.

55.     Deny the allegations of paragraph 55.

56.     Deny the allegations of paragraph 56 and allege that everything
that was requested by Plaintiffs over and above the regular statements has been provided
without complaint.

57.     Admit the allegations of paragraph 57.

58.     Deny the allegations of paragraph 58 and allege that the 1310 G St.
property was lost to MCM because Plaintiffs made a conscious and informed decision
that they did not wish to participate in the renewal of that contract; the other three

properties were tied to one ownership and, upon the death of the principal, the surviving

trust after a period of years sold the properties and the new owner, Rockrose

Development, determined to put the properties up for bid and after an extensive bidding

process in which Plaintiffs had hands on input, the contracts for these remaining garages

were awarded to another parking company.

59.    Admit the allegations of paragraph 59.

60.    Admit the allegations of paragraph 60.

61.    Deny the allegations of paragraph 61 and allege that the agreement

to operate the G Street garage has been in place since 1991.

62.    Admit the allegations of paragraph 62.

63.    Admit the allegations of paragraph 63.

64.    Deny the allegations of paragraph 64, except to admit that, in

accord with the financial information provided to Plaintiffs for many years prior thereto,

the venture on G St. had not been profitable.  Individual Defendants pointed out that they

believed that the property could be turned around to become profitable and also pointed

out that, should MCM lose the other three garages as was a distinct possibility at that

time, Individual Defendants would like to continue the G Street operation to have a

continuum of operation of MCM and also provide a "headquarters" to try to build an

ongoing venture.

65.    Admit the allegations of paragraph 65.

66.    Deny the allegations of paragraph 66 and particularly deny that

Plaintiffs' decision not to participate in the renewal of the G Street property lease was

based upon any lack of information that they were looking for Individual Defendants to

provide. Plaintiffs advised upon their turndown of the offer that it was based, at least in part, upon unidentified "family advisors".

      67.    Deny the allegations of paragraph 67 and particularly deny that, at the time of negotiations with Plaintiffs, Individual Defendants were planning anything other than going forward as MCM in the renegotiation of the lease on G Street.

      68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and demand strict proof thereof; Individual Defendants deny any obligation to Plaintiffs in this regard from and after Plaintiffs declined to participate as MCM in the G Street project.

      69.    Deny the allegations of paragraph 69.

      70.    Deny the allegations of paragraph 70 and allege that the owners of the G Street garage building are and were aware at all times that Individual Defendants and not MCM were participating in the lease to operate the garage.

      71.    Admit in answer to paragraph 71 that the original signage that had been on the garage since MCM first operated it remained; Individual Defendants allege that, rather than attempting to trade on any "good will" of MCM in continuing to carry signage containing that name, they were attempting to keep the brand alive in the hope that MCM would be able to find new sources of business, it anticipating the possibility of losing the last parking garages that bore its name in the District, which occurred when it lost the bid to operate the 15th Street garages; Individual Defendants wish to point out that they continue to own 50% of the stock of MCM during this past year in which they operated the G Street garage property.

72.    Admit the allegations of paragraph 72, but call attention to the statements in paragraph 71, above.

73.    Admit the allegations of paragraph 73, but call attention to the statements in paragraph 71, above.

74.    Admit the allegations of paragraph 74, but call attention to the statement in paragraph 71, above.

75.    Deny the allegations of paragraph 75

76.    Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 76, but further deny any obligation on the part of Individual Defendants not to compete in a situation where Plaintiffs specifically decline the proposed opportunity to participate in a venture, when given the first opportunity to participate and there is no non-competition agreement in effect between the parties.

77.    Deny the allegations of paragraph 77.

78.    Admit the allegations of paragraph 78, with certain interruptions in the operation of certain of the properties.

79.    Admit the allegations of paragraph 79.

80.    Admit in response to paragraph 80 that the recently appointed manager of the properties purchased by Rockrose Properties is a well-known property manager.

81.    Admit the allegations of paragraph 81.

82.    Admit in response to paragraph 82 that when Individual Defendants brought to Plaintiffs' attention the submittal to MCM of a Request for Proposal, Plaintiffs authorized Individual Defendants to prepare a bid.

83,     Admit in response to paragraph 83 that Plaintiffs requested MCM to
prepare a responsive competitive bid, which it did. There was never any conversation or
directive from Plaintiffs that MCM should prepare a competitive bid that would "ensure"
that MCM would get the contract to operate the Rockrose garages in the future, nor
would such directive be of any meaning or significance, since the bid process was
competitive and involved a number of other bidders who were existing parking facility
operators in the District.

84.     Deny the allegations of paragraph 84 and allege that at every step of the
bidding process, MCM and Individual Defendants provided Plaintiffs with full and
complete disclosure of their process and all drafts were submitted to them for approval
and input prior to the next step being taken. Many professionals were brought in to
participate in the development of the prices, including accountants, parking professionals,
and others.

85.     Deny the allegations of paragraph 85 and demand strict proof thereof.

86.     Admit the allegations of paragraph 86 and allege that MCM was selected
to be in the final three eligible bidders, that included Colonial Parking who ultimately
was selected.

87.     Admit the allegations of paragraph 87.

88,     Deny the allegations of paragraph 88, except to admit that Individual
Defendants personally did not disclose that MCM Parking Solutions Inc. was formed, but
Defendants have reason to believe that Plaintiffs are and have been for most of this
period fully aware of the fact that Defendants have operated the G St. garage under a new
corporate name and with a new lease with the owner.

89. Deny the allegations of paragraph 89 and allege that Individual Defendants have always and continued to operate MCM with the best interests of the shareholders, including themselves who own 50% of the business. The G St. garage operation in no way took away from the commitment to advance the best interests of MCM in the bidding for the Rockrose properties and any other prospects that might come within it ambit. Individual Defendants did not then nor have they since marketed the new company in any manner, other than to operate the G Street garage property.

90. Deny the allegations of paragraph 90 and allege that Individual Defendants receive no pay, profit or any other benefit from the new company. Any salary or profit distribution they have received have been through MCM, for which they continued to work hard at continuing the viability of that company since any monies received by them came from MCM.

91. Deny the allegations of paragraph 91 and state that, in all the years since Plaintiffs became shareholders of MCM and in the almost sixteen (16) months since Mr. Fernandez' death, Individual Defendants received one (1) email from Plaintiff Lisa Novak that contained a list of properties that Jones Lang managed in D.C. along with the name of their leasing agent (an agent who is responsible for office leasing), information that was readily available from their web site. This email was sent shortly before the lawsuit was filed.

92. Deny the allegations of paragraph 92.

93. Deny the allegations of paragraph 93, except to admit that, at the meeting with Plaintiffs to discuss the matter of Mr. Fernandez' salary continuance, Plaintiffs voiced several demands that Individual Defendants responded to by stating that, if the

parties could not agree on how the company should be run, it could always be dissolved; that statement being said as to one option not as a recommendation or wish of the Defendants.

94.    Deny the allegations of paragraph 94, except to admit that in an August (not July) email, Defendant Timothy Jones advised that the remaining garages had given a 30-day notice to vacate and that steps were being taken to close out the business, since as of September 1, 2007, MCM had no more business locations or immediate prospect.

95.    Deny the allegations of paragraph 95 and particularly deny that a custodian is an appropriate remedy, even if there were any business operations or other business assets to take custody of.

96.    Deny the allegations of paragraph 96 and particularly deny that Individual Defendants owe a fiduciary duty to anyone in this matter.

97.    Deny the allegations of paragraph 97 and allege that all of Individual Defendants' actions   heretofore point directly and inexorably to the opposite conclusion.

## STATUS OF SHAREHOLDER DERIVATIVE ACTION

98.    No answer is required to paragraph 98.

99.    No answer is required to paragraph 99.

100.    No answer is required to paragraph 100.

101.    No answer is required to paragraph 101.

## COUNT I

102.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 101 above.

103.    Deny the allegations of paragraph 103 and demand strict proof thereof.

104.    Admit payment continued to be made to the Fernandez from and after April 2006 in percentages that had been in place theretofore, including the amounts paid to Individual Defendants as their salary.

105.    Deny the allegations of paragraph 105 and demand strict proof thereof.

106.    Deny the allegations of paragraph 106 and demand strict proof thereof.

107.    Deny the allegations of paragraph 107, except to admit that all sums not paid in salaries of other corporate ongoing costs of operation are added in to the assets of MCM to be distributed as profit.

108.    Deny the allegations of paragraph 108.

109.    Deny the allegations of paragraph 109.

110.    Deny the allegations of paragraph 110.

Wherefore, Defendants respectfully request that the Court dismiss Count 1 and award to Defendants the costs and fees incurred in defending this action.

111.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 110 of the Complaint.

112.    Deny the allegations of paragraph 112 and demand strict proof thereof.

113.    Deny the allegations of paragraph 113 and demand strict proof thereof.

114.    Deny the allegations of paragraph 114 and demand strict proof thereof.

115.    Deny the allegations of paragraph 115 and demand strict proof thereof.

116.    Deny the allegations of paragraph 116 and demand strict proof thereof.

117.    Deny the allegations of paragraph 117 and demand strict proof thereof.

118.    Deny the allegations of paragraph 118 and demand strict proof thereof.

119.    Deny the allegations of paragraph 119 and demand strict proof thereof.

120. Deny the allegations of paragraph 120 and demand strict proof thereof.

121. Deny the allegations of paragraph 121 and demand strict proof thereof.

122. Deny the allegations of paragraph 122 and demand strict proof thereof.

123. Deny the allegations of paragraph 123 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count

II and award to Defendants their costs and fees incurred in this action.

## COUNT III

124. Defendants incorporate herein each and every answer heretofore made to paragraphs 1 through 123 of the Complaint.

125. Deny the allegations of paragraph 125 and demand strict proof thereof.

126. Deny the allegations of paragraph 126 and demand strict proof thereof.

127. Deny the allegations of paragraph 127 and demand strict proof thereof.

128. Admit that Individual Defendants advised Plaintiffs that the operation of the G Street garage had not been profitable in the past.

129. Deny the allegations of paragraph 129 and demand strict proof thereof.

130. Deny the allegations of paragraph 130 and demand strict proof thereof.

131. Admit in answer to paragraph 131 that Plaintiff did decline to consent to MCM participating in the renewal of the lease on the G Street garage property, but deny that such decision was based upon any misinformation or failure to fully disclose the facts concerning that operation.

132. Deny the allegations of paragraph 132 and demand strict proof thereof.

133. Deny the allegations of paragraph 133 and demand strict proof thereof.

134. Deny the allegations of paragraph 134 and demand strict proof thereof.

135.    Deny the allegations of paragraph 135 and demand strict proof thereof.

136.    Deny the allegations of paragraph 136 and demand strict proof thereof.

137.    Deny the allegations of paragraph 137 and demand strict proof thereof.

138.    Deny the allegations of paragraph 138 and demand strict proof thereof.

139.    Deny the allegations of paragraph 139 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count III and award to Defendants all costs and fees incurred in this action.

## COUNT IV

140.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 139 of the Complaint.

141.    Deny the allegations of paragraph 141 and demand strict proof thereof.

142.    Deny the allegations of paragraph 142 and demand strict proof thereof.

143.    Deny the allegations of paragraph 143 and demand strict proof thereof.

144.    Deny the allegations of paragraph 144 and demand strict proof thereof.

145.    Deny the allegations of paragraph 145 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count IV and award to Defendants all costs and fees incurred in this action.

## COUNT V

146.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 145 of the Complaint.

147.    Deny the allegations of paragraph 147 and demand strict proof thereof.

148.    Deny the allegations of paragraph 148 and demand strict proof thereof.

149.    Deny the allegations of paragraph 149 and demand strict proof thereof.

150.    Deny the allegations of paragraph 150 and demand strict proof thereof.

151.    Deny the allegations of paragraph 151 and demand strict proof thereof.

152.    Deny the allegations of paragraph 152 and demand strict proof thereof.

153.    Deny the allegations of paragraph 153 and demand strict proof thereof.

154.    Deny the allegations of paragraph 154 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count V and award to Defendants all costs and fees incurred in this action.

## COUNT VI

155.    Defendants incorporate each and every answer heretofore given to paragraphs 1 through 154 of the Complaint.

156.    Deny the allegations of paragraph 156 and demand strict proof thereof.

157.    Deny the allegations of paragraph 157 and demand strict proof thereof.

158.    Deny the allegations of paragraph 158 and demand strict proof thereof.

159.    Deny the allegations of paragraph 159 and demand strict proof thereof.

160.    Deny the allegations of paragraph 160 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count VI and award to Defendants all costs and fees incurred in this action.

## COUNT VII

161.    Defendants incorporate each and every answer heretofore given to paragraphs 1 through 160 of the Complaint.

162.    Deny the allegations of paragraph 162 and demand strict proof thereof.

163.    Deny the allegations of paragraph 163 and demand strict proof thereof.

164    Deny the allegations of paragraph 164 and demand strict proof thereof.

165.    Deny the allegations of paragraph 165 and demand strict proof thereof.

166.    Deny the allegations of paragraph 166 and demand strict proof thereof.

167.    Deny the allegations of paragraph 167 and demand strict proof thereof.

168.    Deny the allegations of paragraph 168 and demand strict proof thereof.

169.    Deny the allegations of paragraph 169 and demand strict proof thereof.

170.    Deny the allegations of paragraph 170 and demand strict proof thereof.

Wherefore, Defendants respectfully request the Court to dismiss Count VII and award to Defendants all costs and fees incurred in this action.

## COUNT VIII

171.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 170 of the Complaint.

172.    Admit the allegations of paragraph 172.

173.    Neither admit nor deny the allegations of paragraph 173 and demand strict proof thereof.

174.    Admit the allegations of paragraph 174 upon information and belief.

175.    Neither admit nor deny the allegations of paragraph 175 and demand strict proof thereof.

176.    Deny the allegations of paragraph 176 and demand strict proof thereof.

177.    Deny the allegations of paragraph 177 and demand strict proof thereof.

178.    Deny the allegations of paragraph 178 and demand strict proof thereof.

179.    Deny the allegations of paragraph 179 and demand strict proof thereof.

180.    Deny the allegations of paragraph 180 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count VIII

and award to Defendants all costs and fees incurred in this action.

## COUNT IX

181.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 180 of the Complaint.

182.    Deny the allegations of paragraph 182 and demand strict proof thereof.

183.    Deny the allegations of paragraph 183 and demand strict proof thereof.

184.    Deny the allegations of paragraph 184 and demand strict proof thereof.

185.    Deny the allegations of paragraph 185 and demand strict proof thereof.

186.    Deny the allegations of paragraph 186 and demand strict proof thereof.

187.    Deny the allegations of paragraph 187 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count IX and award to Defendants all costs and fees incurred in this action.

## COUNT X

188.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 187 of the Complaint.

189.    Deny the allegations of paragraph 189 and demand strict proof thereof.

190.    Deny the allegations of paragraph 190 and demand strict proof thereof.

191.    Deny the allegations of paragraph 191 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count X and award to Defendants all costs and fees incurred in this action.

## COUNT XI

192.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 191 of the Complaint.

193.    Deny the allegations of paragraph 193 and demand strict proof thereof.

194.    Deny the allegations of paragraph 194 and demand strict proof thereof.

195.    Deny the allegations of paragraph 195 and demand strict proof thereof.

196.    Deny the allegations of paragraph 196 and demand strict proof thereof.-

Wherefore, Defendants respectfully request that the Court dismiss Count XI and award to Defendants all costs and fees of this action.

## COUNT XII

197. Defendants incorporate each and every answer heretofore made to paragraphs 1 through 196 of the Complaint.

198.    Admit the allegations of paragraph 198.

199.    Deny the allegations of paragraph 199 and demand strict proof thereof.

200.    Deny the allegations of paragraph 200 and demand strict proof thereof.

201.    Deny the allegations of paragraph 201 and demand strict proof thereof.

202.    Deny the allegations of paragraph 202 and demand strict proof thereof.

203.    Deny the allegations of paragraph 203 and demand strict proof thereof.

204.    Deny the allegations of paragraph 204 and demand strict proof thereof.

205.    Deny the allegations of paragraph 205 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count XII and award to Defendants all costs and fees incurred in this action.

## COUNT XIII

206.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 205 of the Complaint.

207.    Deny the allegations of paragraph 207 and demand strict proof thereof.

208.    Deny the allegations of paragraph 208 and demand strict proof thereof.

209.    Deny the allegations of paragraph 209 and demand strict proof thereof.

210.    Deny the allegations of paragraph 210 and demand strict proof thereof.

211.    Deny the allegations of paragraph 211 and demand strict proof thereof.

212.    Deny the allegations of paragraph 212 and demand strict proof thereof.

213.    Deny the allegations of paragraph 213 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count XIII and award to Defendants all costs and fees incurred in this action.

## COUNT XIV

214.    Defendants incorporate each and every answer heretofore made to paragraphs 1 through 213 of the Complaint.

215.    Deny the allegations of  paragraph 215 and demand strict proof thereof.

216.    Deny the allegations of paragraph 216 and demand strict proof thereof.

217.    Deny the allegations of paragraph 217 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count XIV and award to Defendants all costs and fees incurred in this action.

## COUNT XV

218.    Defendants incorporated each and every answer heretofore made to paragraphs 1 through 217 of the Complaint.

219.    Deny the allegations of paragraph 219 and demand strict proof thereof.

220.    Deny the allegations of paragraph 220 and allege that Plaintiffs have always been provided with full disclosure about the business and never excluded from

any aspect thereof, including its property; any exclusion was their personal voluntary decision.

221. Answering the allegations of paragraph 221, Plaintiff have never been denied access to any of the corporate records or documents, and therefore deny the requirement of an accounting.

222. Deny the allegations of paragraph 222 and demand strict proof thereof.

Wherefore, Defendants respectfully request that the Court dismiss Count XV and award to Defendants all costs and fees incurred in this action.

## COUNT XVI

223. Defendants incorporate each and every answer heretofore made to paragraphs 1 through 222 of the Complaint.

224. Deny the allegations of paragraph 224 and demand strict proof thereof.

225. Deny the allegations of paragraph 225 and demand strict proof thereof.

226. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 226 and demand strict proof thereof.

227. Deny the legal or practical justification for the appointment of a custodian or the need therefore.

228. Deny the allegations of paragraph 228 and particularly deny any conflict of interest on the part of Defendants.

Wherefore, Defendants respectfully request that the Court dismiss Count XVI and award to Defendants all costs and fees incurred in this action.

Respectfully submitted,

Robert F. Condon, D.C. Bar #108290
Artabane & Belden, PC
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
Tel: 202 861-0070
Fax: 202 861-2939
E-Mail: rfcondon@artabane-belden.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer to

Complaint was served by U.S. Mail, postage prepaid, this 22nd day of October, 2007 on

the following:

Robert J. Tribeck, Esq.
John R. Martin, Esq.
Rhoads & Sinon LLP
One So. Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146