### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ,        :
*et al.*,        :
        Plaintiffs,        :
        :        Civil Action No. 1:07-cv-01448
        v.        :        Judge Rosemary M. Collyer
        :
TIMOTHY A. JONES, SR.,        :
*et al.*,        :
        Defendants.        :

### JOINT CASE MANAGEMENT PLAN PURSUANT TO LCvR 16.3

        Having complied with the meet and confer requirements set forth pursuant to LCvR 16.3(a), the Parties hereby submit the following Joint Case Management Plan:

**(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matter should await a decision on the motion.**

        ***By Plaintiffs:***    The pleadings have closed, and no dispositive motion is currently pending, nor do Plaintiffs believe that this case can be disposed of by motion practice.

        ***By Defendants:***    Defendants cannot determine at this time whether a dispositive motion is likely and requests that the decision follow the completion of discovery.

**(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

        ***By Plaintiffs:***    Based on the information currently known to Plaintiffs, amending the pleadings and/or joining additional parties is not warranted at this time. However, Plaintiffs fully expect to uncover information and facts during discovery that would necessitate such amendment and/or joinder. As such, Plaintiffs suggest that, by default, any other parties shall be joined or the pleadings amended on or before **February 12, 2008,** with the understanding that such amendment and/or joinder can be made thereafter upon motion and good cause shown.

        With respect to factual issues, the following facts can be treated as undisputed:

- Plaintiffs and the Individual Defendants each own 50% of MCM Parking Co., Inc.

- Defendant MCM Parking Solutions, Inc. was formed by the Individual Defendants.

- The Individual Defendants did not inform Plaintiffs of the creation of MCM Parking Solutions, Inc.

- MCM Parking Solutions, Inc. is currently operating the G Street Garage, and has been doing so since August 2006.

- The signage being used at the G Street Garage as of the date of filing of the action identifies the operator of the garage as MCM Parking Co., Inc.

Plaintiffs do not anticipate that the parties will agree to any legal issues.

*By Defendants:*     Defendants do not anticipate additional parties, but agree with the deadline of February 12, 2008 to do so. Defendants accept the factual statements of Plaintiffs, and that Parties do not anticipate agreeing on legal issues.

**(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

*By Plaintiffs:*     Plaintiffs do not agree to such an arrangement.

*By Defendants:*     Defendants do not agree to such an arrangement.

**(4)    Whether there is a realistic possibility of settling the case.**

*By Plaintiffs:*     Plaintiffs are willing to entertain the possibility of settlement, but would first like the opportunity to conduct discovery to determine the extent of Defendants' conduct as alleged in the Complaint.

*By Defendants:*     Defendants do not presently anticipate a realistic possibility of settlement, but agree that any such discussion should await the completion of discovery.

**(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

> **By Plaintiffs:**    Plaintiffs are willing to consider the possibility of resolving this dispute through some form of ADR. However, before such an option is pursued, Plaintiffs would first like the opportunity to conduct discovery to determine the extent of Defendants' conduct as alleged in the Complaint. Accordingly, Plaintiffs will revisit the issue of ADR at the close of discovery.

> **By Defendants:**    Defendants likewise would like to await the completion of discovery to visit the idea of ADR.

**(6)**    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

> **By Plaintiffs:**    As mentioned, supra, Plaintiffs do not believe that this action may be disposed of pursuant to motion practice. Should Defendants wish to pursue summary judgment, however, the following date is proposed: **July 14, 2008** (i.e. one month after Plaintiffs' proposed date for the close of discovery).

> **By Defendants:**    Defendants believe that some or all of the action may be disposed by summary judgment and agree to the proposed deadline of Plaintiffs.

**(7)**    **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

> **By Plaintiffs:**    Plaintiffs stipulate to dispense with initial disclosures.

> **By Defendants:**    Defendants agree to dispense with initial disclosures.

**(8)**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

> **By Plaintiffs:**    Discovery shall be conducted into all of the facts and allegations contained in the Complaint and will include: (1) Interrogatories; (2) Requests for Production of Documents; (3) Depositions; (4) Requests for Admissions; and (5) Third Party Discovery.
>
> Plaintiffs suggest the following limits on discovery:
>
> - Interrogatories:                            50 per party
> - Requests for Production of Documents:       30 per party

- Depositions:                                   15 per party
- Requests for Admissions:             50 per party

Plaintiffs do not anticipate the need for any protective orders.

Plaintiffs propose **June 12, 2008** as date by which all discovery must be completed (*i.e.* six months from the date of the initial case management conference).

*By Defendants:*      Defendants agree on the proposed limits and deadlines of discovery subject to the Court's approval.

**(9)**      **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

*By Plaintiffs:*      Plaintiffs do not believe that the disclosure requirements of Fed. R. Civ. P. 26(a)(2) need to be modified. Plaintiffs suggest that expert depositions, if necessary, should be taken **after** the close of fact discovery.

*By Defendants:*      Defendants agree.

**(10)**      **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A

**(11)**      **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

*By Plaintiffs:*      Plaintiffs do not anticipate the need to bifurcate the issues of this case.

*By Defendants:*      Defendants do not anticipate the need to bifurcate the issues of this case.

**(12)**      **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

*By Plaintiffs:*      Plaintiffs suggest **September 10, 2008.**

*By Defendants:*      Defendants agree to that date.

**(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**By Plaintiffs:**  Plaintiffs request that a trial date be set at the pretrial conference.

**By Defendants:**  Defendants agree to the trial date being set at the pretrial conference.

**(14)  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

**By Plaintiffs:**  Plaintiffs will file a brief statement of the case and the statutory basis for all causes of action and defenses no later than 72 hours prior to the Initial Scheduling Conference.

**By Defendants:**  Defendants will file a brief statement of the case and the statutory basis for all causes of action and defenses no later than 72 hours prior to the Initial Scheduling Conference.

**FOR PLAINTIFFS**

RHOADS & SINON LLP

By:  */s/ John R. Martin*
    David C. Sirolly, Esquire
    D.C. Bar I.D. No. 477224
    Robert J. Tribeck, Esquire
    (*Pro Hac Vice*)
    John R. Martin, Esquire
    (*Pro Hac Vice*)
    RHOADS & SINON LLP
    One South Market Square
    P.O. Box 1146
    Harrisburg, PA  17108-1146
    (717) 233-5731

    *Attorneys for Plaintiffs*

**FOR DEFENDANTS**

ARTABANE & BELDEN, P.C.

By:  */s/ Robert F. Condon*
    Robert F. Condon, Esquire
    D.C. Bar I.D. No. 108290
    Artabane & Belden, P.C.
    818 18th Street, N.W.
    Suite 410
    Washington, D.C.  20006
    (202) 861-0070

    *Attorneys for Defendants*