UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARITA FERNANDEZ, *et al.*, : | |
| Plaintiffs, : | |
| : | Civil Action No. 1:07-cv-01448 |
| v. : | Judge Rosemary M. Collyer |
| : | |
| TIMOTHY A. JONES, SR., *et al.*, : | |
| Defendants. : | |

**PLAINTIFFS' BRIEF STATEMENT OF THE CASE
AND STATUTORY BASIS FOR ALL CAUSES OF ACTION**

NOW COME, Plaintiffs, Margarita Fernandez, Humbert Fernandez, Jr., Linda M. Johnston, Lisa M. Novak, and MCM Parking Co., Inc. (hereinafter "Plaintiffs"), and file the within Brief Statement of the Case and Statutory Basis for All Causes of Action, pursuant to this Court's Order dated October 30, 2007, as follows:

**I.      BRIEF STATEMENT OF THE CASE**

This case involves a dispute between two families regarding the operation of a company that was, at one time, owned and operated by the (now deceased) patriarchs of each respective family. Specifically, Plaintiffs, as fifty-percent (50%) owners of M C M Parking Co., Inc. (hereinafter "MCM"), allege that Defendant, Timothy A. Jones, Sr., and Defendant, Cecil S. (Rocky) Jones (collectively, hereinafter the "Individual Defendants"), as the other fifty-percent (50%) owners of MCM, breached certain agreements that were made by and between the parties. Plaintiffs further allege that the Individual Defendants violated their fiduciary duties by, <u>inter alia</u>: (1) failing to disclose to Plaintiffs their inherent conflict of interest with respect to the management and operation of MCM (as discussed, <u>infra</u>, the Individual Defendants created a competing business without disclosing the same to Plaintiffs); (2) failing to properly, and

dutifully, manage the business interests of MCM; and (3) failing to make a proper accounting for the operations and finances of MCM.

Additionally, Plaintiffs allege that, over the course of more than thirty-five (35) years, the "MCM" brand has developed substantial goodwill in the minds of the relevant public. Plaintiffs further allege, and the Individual Defendants do not dispute, that the Individual Defendants, without informing the Plaintiffs, started a new company: MCM Parking Solutions, Inc. (hereinafter "New MCM"). New MCM, through the Individual Defendants, is currently operating at least one parking garage previously operated by MCM, and has been doing so for over one (1) year. It is believed, and therefore averred, that New MCM obtained the contract to operate that particular parking garage under the guise of MCM. This belief is corroborated by the fact that, as of the date Plaintiffs' Complaint was field, New MCM used signage owned by MCM and, therefore, was representing to the public that MCM still operated the garage. New MCM is using a trade name and trade dress similar to that of MCM to promote, market, and/or sell identical services in interstate commerce. Defendants' actions have, quite obviously, been taken in a clear attempt to impermissibly capitalize on the value and goodwill of the "MCM" name.

## II.     STATUTORY BASIS FOR ALL CAUSES OF ACTION

Counts VIII and IX of Plaintiffs' Complaint allege violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for trade name/trade dress infringement and deceptive trade practices/passing off. These are valid, enforceable, and well-established federal claims that invoke the jurisdiction of this Court, and the factual allegations contained in Plaintiffs' Complaint set forth those causes of action contemplated by § 43(a) of the Lanham Act. Accordingly, the statutory basis for these causes of action is sustained by 28 U.S.C. § 1331

(federal question jurisdiction) and 15 U.S.C. § 1121(a) (granting original jurisdiction to federal courts over "all actions arising under [the Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties").

The remaining causes of action in Plaintiffs' Complaint allege violations of, and seek remedies under, the common law as follows: Count I (Breach of Contract); Count II (Breach of Fiduciary Duty); Count III (Fraud); Count IV (Wrongful Diversion of Corporate Opportunity); Count V (Conversion); Count VI (Misappropriation); Count VII (Unjust Enrichment); Count X (False Advertising); Count XI (Common Law Trademark Infringement); Count XII (Tortious Interference with Business Relations and Contracts); Count XIII (Tortious Interference with Prospective Contracts); Count XIV (Conspiracy); Count XV (Accounting); and Count XVI (Appointment of Custodian). These causes of action share a common nucleus of operative facts with Plaintiffs' federal claims under the Lanham Act. Accordingly, the statutory basis for these causes of action is sustained by 28 U.S.C. § 1367 (supplemental jurisdiction).

                                                Respectfully submitted,

                                                RHOADS & SINON LLP

By:    */s/ Robert J. Tribeck*
        Robert J. Tribeck, Esquire
        PA Bar ID No. 74486
        John R. Martin, Esquire (*pro hac vice*)
        RHOADS & SINON LLP
        One South Market Square
        P.O. Box 1146
        Harrisburg, PA  17108-1146
        (717) 233-5731

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2007, a true and correct copies of the foregoing "Plaintiffs' Brief Statement of the Case and Statutory Basis for All Causes of Action" was served by means of electronic service in accordance with the Local Rules of the United States District Court for the District of Columbia, upon the following:

>Robert F. Condon, Esq.
>Artabane & Belden, P.C.
>818 18th Street, N.W., Suite 410
>Washington, D.C.  20006
>RFCondon@Artabane-Belden.com

>*/s/ John R. Martin*
>John R. Martin