### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MARGARITA FERNANDEZ, et. al.    )

    )

    )

    )

vs.    )        **Case No. 1:07-cv-01448**

    )        **Judge Rosemary Collier**

    )

TIMOTHY A. JONES, SR., et. al.    )

    )

_____)

### DEFENDANTS' STATEMENT OF THE CASE AND DEFENSES

Defendants, Timothy A. Jones, Sr. and Cecil S. Jones, in their individual behalf and in behalf of MCM Parking Solutions, Inc., pursuant to the Order of the Court, hereby state as follows:

1.       This complaint has been brought by the surviving shareholders of 50% of the interest of MCM Parking, Inc., a District of Columbia corporation that was founded many years ago by Cecil Jones, the father of individual Defendants, Timothy A. Jones, Sr. and Cecil S. Jones and by the surviving widow and children of Humberto Fernandez and Edward O'Brien. For many years, Cecil Jones and Humberto Fernandez (fondly known as "Bert" Hernandez) ran the company. Cecil's sons, Defendants Timothy Jones Sr. and Cecil S. Jones (hereinafter "Individual Defendants") worked at the business, that consisted of the operation of indoor parking facilities at various business locations in the District of Columbia. Individual Defendants purchased a portion of their father's stock during a certain time and ultimately purchased his remaining share in or about 1998, when their father retired. He died in 1999. Bert Hernandez died in 2006. Some individual Plaintiffs bought shares in their father's ownership in 1998 and, after his death in 2006, the remainder of his 50% ownership in the company became the property of the

Plaintiffs.  None of the Plaintiffs ever worked in the business or spent any time in the operation of the business.

2.      Plaintiffs contend that the arrangement for the distribution of profit, that had been in place for years and was totally legal, was somehow disadvantageous to Plaintiffs.  They somehow believe that the arrangements for payments to Cecil Jones when he was ill and the post-death payments on behalf of Bert were improper and unreasonable skewed in favor of Defendants.

3.      Plaintiffs claim many other failures on the part of Defendants to "protect their interests."  The claims include Conspiracy, Breach of Fiduciary Duty in failing to pursue possible business opportunities on behalf of the company; operating a separate business that "competes directly with MCM "[Parking, Inc.]; improperly utilizes the corporate name, good will and other assets of MCM for their own benefit and, finally diverts former business or opportunities of MCM to their new corporations.  In essence, Plaintiffs claim that Defendants squandered the business and business opportunities of MCM to benefit themselves and their new entity, MCM Parking Solutions, Inc. and disadvantaged individual Plaintiffs as a result.

4.      Defendants defenses include the lack of federal jurisdiction over this dispute, full knowledge of Plaintiffs as to the ongoing operations of the business for many years before their father died;  faithful and good faith operation of the remaining business entities that MCM had under lease; full knowledge and consent that MCM would not attempt to go forward with the G Street property; no bad faith or conflicting motive in the  continuation of the use of the signage of MCM at the G Street property and that there was no profit that Plaintiffs would have realized from that operation that they

knowingly and with counsel waived any going forward of that operation.   Additional

defenses of laches, waiver and estoppel, payment and satisfaction are set forth in the

Answer.

Respectfully submitted,

/s/ Robert F. Condon

_____

Robert F. Condon, D.C. Bar #108290
Artabane & Belden, P.C.
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
Tel: (202) 861-0070
Fax: (202) 861-2939
E-Mail: RFCondon@Artabane-Belden.com

## CERTIFICATE OF SERVICE

   A true copy of the foregoing Defendants' Statement of the Case and Defenses was

served by electronic service (ECF) and by e-mail this 7th day of December, 2007 to

Rhoads Sinon, LLP, One South Market Square, P.O. Box 1146, Harrisburg, PA 17108-

1146.

/s/ Robert F. Condon

_____

Robert F. Condon